IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHARON WANDLING, et al.,

                Plaintiffs,

v.                                                      CIVIL ACTION NO. 2:08-cv-01030

HONG KONG AND SHANGHAI BANKING
CORPORATION LIMITED, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Three motions currently are pending before the court: (1) defendant Hong Kong and Shanghai Banking Corp. Ltd., HSBC Mortgage Services, Inc., HSBC Group and HSBC North America's (collectively "HSBC") Motion to Withdraw Consent to Notice of Removal [Docket 7]; (2) defendants Safeco Insurance Company of America ("Safeco"), General Insurance Company of America ("GICA"), American Insurance Company ("American Security"), and Assurant's Notice of Withdrawal of Notice of Removal [Docket 10]; (3) and the plaintiffs' Motion to Remand [Docket 11]. For the reasons stated below, the court **GRANTS** the Motion to Remand [Docket 11] and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. The Motion to Withdraw Consent to Notice of Removal [Docket 7] and the Notice of Withdrawal of Notice of Removal [Docket 10] are **DENIED** as moot.

**I. Background**

The plaintiffs, Sharon and George Wandling, filed suit in the Circuit Court of Kanawha County on June 19, 2008, alleging breach of a loan contract, fraud, conversion, breach of covenant

of good faith and fair dealing, negligence, bad faith/unfair insurance practices, and wrongful cancellation of an insurance policy arising from a fire that burned the Wandling's home. The plaintiffs brought this suit against the following defendants: HSBC, Safeco, GICA, American Security, Assurant, Ramsey Insurance Agency, Inc. ("Ramsey"), and Lititz Mutual Insurance Co. ("Lititz").

On August 27, 2008, Safeco, GICA, and American Security filed a Notice of Removal to this court [Docket 1]. They claimed that this case was properly removable pursuant to 28 U.S.C. §1441. More specifically, Safeco, GICA, and American Security contended that the district court had original jurisdiction under 28 U.S.C. § 1332(a) because there was complete diversity and the amount in controversy exceeds $75,000. In support of removal, they stated that the plaintiffs are seeking the insurance policy limits of $181,168, of which the insurance companies have collectively paid $29,614.94, as well as punitive and other damages. Safeco, GICA, and American Security further stated that, although defendant Ramsey is a West Virginia citizen, it had been fraudulently joined by the plaintiffs in order to defeat diversity jurisdiction.

Safeco, GICA, and American Security filed a Supplemental Exhibit to their Notice of Removal on September 2, which contained defendant Lititz's consent to the Notice of Removal [Docket 4]. On September 5, HSBC also filed a Consent to Notice of Removal [Docket 6]. At that point in time, all of the defendants had consented to removal with the exception of Assurant, which the defendants claim is not a legal entity capable of being sued, and Ramsey, an allegedly fraudulently joined defendant not required to consent.

On September 10, however, HSBC filed a Motion to Withdraw Consent for Removal [Docket 7], stating that "it inadvertently failed to recognize that the 30-day period to remove the

case to Federal Court had already expired." (Mot. Withdraw Consent Removal 1.) Subsequently, on September 18, Safeco, GICA, and American Security, joined by Assurant, filed a Notice of Withdrawal of Notice of Removal [Docket 10], stating that "[i]nasmuch as it now appears that the consent of all defendants was not filed with the Court within 30 days of service of process, the grounds for removal stated in Defendants' Notice are, at this time, no longer present." (Notice Withdrawal of Notice of Removal 1.)

The plaintiffs similarly filed a Motion to Remand on September 24, 2008 [Docket 11], requesting that this case be remanded to the Circuit Court of Kanawha County because complete diversity does not exist and unanimous consent to removal was not filed by all defendants in compliance with 28 U.S.C. § 1446. More specifically, the plaintiffs argue that they have asserted a viable cause of action against an in-state defendant, namely, Ramsey. The plaintiffs also argue that HSBC did not file a consent to removal within 30 days following service of process. Finally, the plaintiffs contend that HSBC and Lititz voluntarily consented to state court jurisdiction.

## II. Discussion

The time period in which a defendant may file a notice of removal, or otherwise consent to another defendant's notice of removal, is governed by 28 U.S.C. § 1446(a)-(b), which provides in relevant part:

> A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal . . . . The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b). With limited exceptions that do not apply here, all defendants must either file their own notice of removal or consent to another defendant's removal notice within the thirty-day time period established by § 1446. *See Sys., Inc. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 640-41 & n.3 (E.D. Va. 2003); *see also, e.g., Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *P.P. Farmers' Elevator Co. v. Farmers Mutual Ins.*, 395 F.2d 546, 547 (7th Cir. 1968); *Wilkins v. Correctional Medical Sys.*, 931 F.2d 888 (Table), No. 90-7155, 1991 WL 68791, at *2 n.2 (4th Cir. 1991). If there is a defect in the removal procedure, such as the failure of all defendants to comply with the procedures outlined in § 1446, 28 U.S.C. § 1447(c) provides that the case should be remanded. *See* 28 U.S.C. § 1447(c); *Bazilla v. Belva Coal Co.*, 939 F. Supp. 476, 477 (S.D. W. Va. 1996).

HSBC was served with process on July 30, 2008, but did not file its consent to removal until September 5, 2008, thirty-seven days later.[1] [Docket 6; Docket 11, Exhibit A.] HSBC therefore did not comply with the time frame established by 28 U.S.C. § 1446, rendering removal improper.[2]

Finally, the motion to remand is timely because it was filed twenty-seven days after the Notice of Removal. Accordingly, there is no obstacle to remanding this matter to state court. "A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be

---

[1] I note that HSBC had thirty days to file its consent to removal from the time it was individually served, regardless of when the other defendants were served. *See Ratliff v. Workman*, 274 F. Supp. 2d 783, 784 (S.D. W. Va. 2003).

[2] Because I conclude that this case should be remanded based on HSBC's failure to comply with § 1446, I need not address the plaintiffs' other arguments in favor of remand, namely, that they have asserted a viable cause of action against Ramsey, who was not fraudulently joined, and that HSBC and Lititz voluntarily consented to state court jurisdiction.

made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

### III. Conclusion

Because the court **FINDS** that HSBC did not timely file its consent to removal pursuant to 28 U.S.C. § 1446, the removal was improper. The court therefore **GRANTS** the plaintiffs' Motion to Remand [Docket 11] and **REMANDS** this matter to the Circuit Court of Kanawha County, West Virginia. HSBC's Motion to Withdraw Consent to Notice of Removal [Docket 7] and Safeco, GICA, American Security, and Assurant's Notice of Withdrawal of Notice of Removal [Docket 10] are **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 17, 2008

Joseph R. Goodwin, Chief Judge